1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Najib M Alghaithi,                          No. CV-20-00026-TUC-EJM

10                        Petitioner,           **ORDER**

11  v.

12  David Shinn, et al.,

13                        Defendants.

14

15         Petitioner Najib M. Alghaithi, through counsel, filed his petition for a Writ of

16  Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for child abuse

17  and aggravated assault with a deadly weapon. (Doc. 1). Petitioner raises one ground for

18  relief alleging that he received ineffective assistance of counsel ("IAC") during

19  sentencing.[1] Respondents filed an Answer contending that Petitioner's claims are either

20  procedurally barred, not cognizable on habeas review, or without merit. (Doc. 18).

21  Petitioner filed a Reply contending that he properly exhausted his state remedies and

22  reiterated his claim of IAC, and further stated that the trial court abused its discretion by

23  imposing an inappropriate sentence due to counsel's ineffectiveness. (Doc. 21).

24         The Court finds that as to Petitioner's claim that counsel's alleged deficiency caused

25  loss of presentence incarceration credit time, the claim is technically exhausted and

26  procedurally defaulted and thus not properly before this Court for review. The Court further

27  finds that Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage

28  ─────────────────────────────
[1] To the extent that Petitioner's ground for relief contains sub issues, the Court addresses these in Section III below.

of justice to excuse the procedural default of the claim. As to Petitioner's claim that counsel argued deficiently for a mitigated sentence, this claim is properly exhausted and not procedurally defaulted, but Petitioner has failed to show that the state court's decision was contrary to federal law, based on an unreasonable application of such law, or based on an unreasonable determination of the facts. The Court further finds that to the extent Petitioner alleges he was wrongly denied an evidentiary hearing during state post-conviction proceedings, the claim is not cognizable on habeas review. Finally, to the extent Petitioner makes any arguments regarding an alleged abuse of discretion by the trial court in imposing an aggravated sentence, such a claim was not presented to the state courts or stated as a ground for relief in the habeas petition and thus will not be addressed by the Court further. Accordingly, the petition will be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On April 30, 2018 Petitioner pled guilty to one count of child abuse and one count of aggravated assault with a deadly weapon/dangerous instrument. (Doc. 18 Exs. E, F, & G).[2] Petitioner was sentenced to 10 years imprisonment for the child abuse charge and a consecutive term of 5 years probation for the aggravated assault charge. (Exs. H & I).

The Rule 32 court summarized the background of the case as follows:

> The defendant was charged in a five count indictment with two counts of aggravated assault, deadly weapon/dangerous instrument, class three dangerous nature felonies; one count of aggravated assault, temporary but substantial disfigurement, a class four felony; one count of child abuse, a person under eighteen years of age with death or serious physical injury likely, a class two felony; and one count of criminal damage of property over $1000, a class six felony. The State alleged that three of the counts were domestic violence offenses as the victims were the defendant's wife and his three-year old son, and further alleged a prior historical felony conviction to be used for enhancement or in aggravation at sentencing. The defendant's exposure at trial exceeded forty years in the Department of Corrections.
>
> The charges arose out of crimes the defendant committed on July 19, 2017. The defendant saw his wife get into a car with

---

[2] All exhibit numbers refer to the exhibits attached to Respondents' Answer, unless otherwise noted.

another man and became so enraged that he put his three-year old son in his minivan, followed his wife and the man, and repeatedly crashed his vehicle into their car until they were forced off the road. He then drove around in front of their car and continued to ram it, causing the airbags to deploy and the glass to shatter. He caused over $13,000 of damage. He then got out of his minivan, ran to his wife's side of the car, pulled her out and began beating her. Paramedics responding to a different situation observed the event, as did multiple civilian witnesses as they were drawn by the victims' screams. The defendant's wife suffered a broken jaw, broken teeth, a fractured femur, and multiple contusions and abrasions. She required surgery and had to have her mouth wired shut for a lengthy period. His child suffered a large bruise to his head. The wife's friend suffered bruises, scratches and his car was totaled.

The defendant told police after the attack that he was mad that his wife had gotten into a car with another man, so he intentionally rammed his vehicle into their car.

(Ex. S at 171–72).[3]

## B. Post-Conviction Relief Proceedings[4,5]

On July 9, 2018 Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief ("PCR"). (Ex. J). On September 6, 2018 Petitioner, through counsel, timely filed his petition, alleging IAC. (Ex. K). Petitioner claimed that "counsel's unreasonable sentencing tactics resulted in rendering his plea for leniency a nullity and in

---

[3] The appellate court's stated facts are entitled to the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *see also Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that the statement of facts in an Arizona Supreme Court opinion should not be afforded the presumption of correctness).

[4] The Arizona Rules of Criminal Procedure were amended effective January 20, 2020. New Rule 32 applies to defendants convicted after a trial or a contested probation violation hearing, and new Rule 33 applies to pleading defendants and defendants who admitted a probation violation or had an automatic probation violation. Because Petitioner's state court actions were filed prior to January 20, 2020 and he had no state court action pending at the time the new rules went into effect, former Rule 32 applies to Petitioner's case and the Court will cite to former Rule 32 throughout this opinion. *See* Arizona Supreme Court Order R-19-0012, available at: https://www.azcourts.gov/rules/Recent-Amendments/Rules-of-Criminal-Procedure

[5] Because Petitioner pled guilty, he could not file a direct appeal and could only challenge his conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

1   fact, was an insult to the Court and consequently, a presumptive sentence of 5 years or a

2   slightly aggravated sentence of 6 years that may otherwise have been imposed, did not take

3   place[,]" and that "counsel's unreasonable, uninformed, and incorrect sentencing tactics"

4   resulted in the aggravated sentence of 10 years. *Id.* at 79–80. Petitioner contended that

5   counsel argued improperly for a sentence of 4 years by stating that Petitioner's conduct

6   was insignificant because he was a good and family man, and that counsel should have

7   focused on Petitioner's acceptance of responsibility and argued for a sentence of 5 or 6

8   years. *Id.* at 80–81. In a footnote, Petitioner also alleged that counsel gave him incorrect

9   legal advice on posting a bond and that he did not receive credit for presentence

10  incarceration time in either his state or federal case. *Id.* at 71 n.1.[6]

11       On December 5, 2018 the Rule 32 court issued its order denying the petition. (Ex.

12  S). The court first summarized the factual and procedural background of the case, including

13  the proceedings at the change of plea and sentencing hearings. *Id.* at 171–73. The court

14  noted that at sentencing, it stated that the mitigation submitted by counsel "was outweighed

15  by the substantial physical harm to the victim, the emotional harm to the victims, the

16  multiple victims and the fact that the defendant was serving a federal sentence at the time

17  of his crimes." *Id.* at 173. While Petitioner now alleged in his Rule 32 petition that counsel

18  was ineffective because he was promised a minimum sentence that he did not receive and

19  that counsel's strategic decisions on what to present in mitigation did not have the desired

20  result, the verbatim record from the change of plea hearing shows that the court reviewed

21  the full range of sentencing with Petitioner and advised that "he could easily receive

22  maximum, stacked sentences on both counts." *Id.* at 173. Further, Petitioner answered "no"

23  when the court asked whether anything was promised to him that was different or better

24  than what was stated in the plea agreement. The Rule 32 court reasoned that the fact that

25  Petitioner "expected a minimum sentence of four years is not the same as being promised

26  by his attorney that he would receive such a lenient sentence[, and that t]he additional claim

---

[6] Petitioner also contended in his reply to his Rule 32 petition that had the trial court
realized he would be getting no credit, this issue "alone may well have caused the Court to
impose a lesser sentence." (Ex. R at 168).

that [Petitioner] had no knowledge of what was being argued or submitted on his behalf in mitigation, even if true, is also not grounds for relief." *Id.* The court found that the record showed counsel put substantial effort into preparing mitigation evidence for the court's consideration, and "[t]hat the Court was not persuaded by that mitigation cannot be used after the fact as de facto proof of [IAC]." *Id.* at 175. Thus, Petitioner failed to make a colorable claim of deficient performance. Further, even if the court agreed that counsel performed deficiently, the court's sentencing decision was based on Petitioner's conduct and admissions at the time of the offense.

The court concluded that none of Petitioner's claims, "even if taken as true, show how the alleged deficient performance caused prejudice or affected the outcome of his case, which is fatal to any claim for post-conviction relief." *Id.* at 173. And, because nothing was "asserted or contained in the petition [that] would have affected or changed the outcome at sentencing," Petitioner was not entitled to a hearing. *Id.* at 175. Thus, because Petitioner "failed to present a colorable claim that any alleged deficient performance resulted in actual prejudice to him[,]" there was no material issue of fact or law that would entitle him to relief and no purpose would be served by any further proceedings, and the court therefore denied the Rule 32 petition. *Id.* at 175–76.

On December 11, 2018 Petitioner filed a motion to reconsider the order denying the Rule 32 petition. (Ex. T). Petitioner stated that he wanted to clarify several things: 1) he was not requesting to withdraw from his guilty plea; he was alleging that his sentencing was ineffectively handled by counsel and thus requesting that the court set aside the sentence and allow Petitioner to present complete and correct sentencing documents that could be the basis for a sentence of less than 10 years; 2) he was not acknowledging a 5–6 year sentence would be appropriate; counsel promised him a sentence of 4 years; 3) when Petitioner entered his plea, he had a federal case pending but had not been sentenced on the federal charge; 4) he did not expect a sentence of 4 years; that is what he was promised by counsel; 5) counsel should have contacted Petitioner's wife's attorney to review the wife's statement before sentencing; 6) the court did not mention the time credits issue in

its Rule 32 ruling, and the time credits were a specific factual basis for the allegation of IAC; and 7) the court was not made aware of the fact that in imposing a sentence to be served consecutively to the federal sentence, Petitioner would be serving a flat time sentence in the federal case and would lose additional good time credits that he would have received on the federal sentence had his state sentence not been consecutive. *Id.* at 178–81.

On December 18, 2018 the Rule 32 court denied Petitioner's motion for reconsideration. (Ex. U). The court stated that Petitioner's clarification that he was not seeking to withdraw from his guilty plea did not change its ruling and that "[i]f anything, the fact that [Petitioner] is not challenging his knowing and voluntary plea based on alleged assurances made by trial counsel only underscores that an evidentiary hearing was not warranted." *Id.* at 184. The court further found that as to Petitioner's request that the court "revisit presentence incarceration credits or its deliberate decision to impose an aggravated sentence with full knowledge that it might impact any sentence imposed in Federal District Court, there are neither factual or legal grounds presented in the Motion to Reconsider that warrant further consideration." *Id.* The court reiterated that Petitioner had failed to make a prima facie case that his counsel acted ineffectively and therefore denied the motion.

On January 29, 2019 Petitioner filed a petition for review with the Arizona COA contending that he was ineffectively represented by counsel at sentencing and that as a result of counsel's errors, the sentence imposed by the trial court was excessive. (Ex. V at 187). Petitioner further alleged that the sentencing decision was made based on "critical, glaring errors" that required that he be given an evidentiary hearing. *Id.* at 188–89. Petitioner stated that he was promised a mitigated sentence of 4 years by his attorney and that the trial court incorrectly stated that he was serving a federal sentence when he committed the crimes charged in the state case. *Id.* at 190. Petitioner further stated that he requested that the Rule 32 court review the presentence time credits issue in both his Rule 32 petition and his motion to reconsider, but the court did not mention the issue in its Rule 32 ruling. *Id.* Petitioner requested that the COA remand his case for resentencing or an evidentiary hearing. *Id.* at 201.

The COA granted review but denied relief, finding that Petitioner failed to show that the Rule 32 court abused its discretion in denying his petition and motion for reconsideration. (Ex. W). The court noted that while Petitioner asserted that he had made a colorable claim of IAC and was entitled to an evidentiary hearing, Petitioner "in large part, simply repeats the claims he made below[]" and "[c]ritically, he does not address the trial court's conclusion that it would have imposed the same prison term even had counsel performed as [Petitioner] believes he should have." *Id.* at 217. Further, Petitioner did not contend that the sentence imposed was outside the court's discretion. The court thus concluded that even if it agreed that counsel acted deficiently, Petitioner had not shown prejudice and his IAC claim therefore failed. The COA further rejected Petitioner's assertion that he had raised a claim below that counsel's ineffectiveness caused Petitioner to lose presentence incarceration credit, finding that although Petitioner "identified some relevant facts in his petition for post-conviction relief, that petition cannot reasonably be read as raising a distinct claim of ineffective assistance based on this conduct." *Id.* Further, despite Petitioner mentioning the claim in his motion for reconsideration, Petitioner "did not below and has not on review developed any argument that counsel fell below prevailing professional norms, nor has he identified any appropriate remedy." The court thus declined to address the argument further. *Id.* (citing *State v. Stefanovich*, 232 Ariz. 154, ¶ 16 (App. 2013) (insufficient argument waives claim on review)).

Petitioner filed a petition for review to the Arizona Supreme Court, which the court denied on October 10, 2019 (Ex. X), and on November 8, 2019 the COA issued its mandate (Ex. Y).

**C. Habeas Petition**

Petitioner filed his PWHC in this Court on January 16, 2020 alleging that ineffective assistance of sentencing counsel resulted in the loss of presentence incarceration credit and an aggravated sentence, and that Petitioner's right to due process was violated when the Rule 32 court denied an evidentiary hearing. (Doc. 1). Petitioner requests that the Court grant an evidentiary hearing or remand this matter to state court with instruction to grant

1   relief.

2   **II.    STANDARD OF REVIEW**

3           The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the

4   federal court's power to grant a petition for a writ of habeas corpus on behalf of a state

5   prisoner. First, the federal court may only consider petitions alleging that a person is in

6   state custody "in violation of the Constitution or laws or treaties of the United States." 28

7   U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant

8   habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies.

9   Additionally, if the petition includes a claim that was adjudicated on the merits in state

10  court proceedings, federal court review is limited by § 2254(d).

11      **A. Exhaustion**

12          A state prisoner must exhaust his state remedies before petitioning for a writ of

13  habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526

14  U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts

15  the opportunity to rule upon the merits of his federal claims by fairly presenting them to

16  the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S.

17  27, 29 (2004) ("To provide the State with the necessary opportunity, the prisoner must

18  fairly present her claim in each appropriate state court . . . thereby alerting the court to the

19  federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death,

20  the highest court requirement is satisfied if the petitioner has presented his federal claim to

21  the Arizona COA, either through the direct appeal process or post-conviction proceedings.

22  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931–33 (D. Ariz. 2007).

23          A claim is fairly presented if the petitioner describes both the operative facts and

24  the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066

25  (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir.

26  2007). The petitioner must have "characterized the claims he raised in state proceedings

27  *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000),

28  *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to

alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, at *4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, at *8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court

resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations and citation omitted); *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Impediments to compliance may include interference by officials that makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available, or the procedural default was the result of ineffective assistance of counsel. *Id.* at 488–89. Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see*

*also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

**C.  Adjudication on the Merits and § 2254(d)**

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004).

If a habeas petition includes a claim that was properly exhausted, has not been procedurally defaulted, and was adjudicated on the merits in state court proceedings, federal court review is limited by § 2254(d). Pursuant to that section, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). This standard is "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). It is also a "highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotations and citation omitted).

Finally, even if a constitutional error is found, a petitioner is not entitled to relief if the error was harmless. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993) (on collateral review in § 2254 cases, court will deem an error harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict").

**III.   ANALYSIS[7]**

**A.  Non-Cognizable Claims**

Habeas is not the remedy for every legal error—federal habeas relief is only

---

[7] As a threshold matter, the Court must consider whether a PWHC is barred by the statute of limitations. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). AEDPA imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). Here, Respondents do not dispute that the PWHC was timely filed.

available to state prisoners to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Habeas petitioners must plead their claims with particularity and must specify all grounds for relief and the facts supporting those grounds. Rule 2(c), Rules Governing § 2254 cases; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Further, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). This Court presumes that the state court properly applied the law, *see, e.g.*, *Holland v. Jackson*, 542 U.S. 649, 655 (2004); *Woodford*, 537 U.S. at 24 (state court decisions must "be given the benefit of the doubt"), and gives deference to the trier of fact, *Wright v. West*, 505 U.S. 277, 296 (1992); *Sumner v. Mata*, 455 U.S. 591 (1982). A petitioner also cannot transform his state law claims into federal ones merely by asserting a violation of due process. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("'A mere error of state law . . . is not a denial of due process.'" (quoting *Engle*, 456 U.S. at 121 n.21)); *see also Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Relatedly, a petitioner cannot recast his state law claim as a federal constitutional challenge to the sufficiency of the evidence. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). However, violations of state law are cognizable on habeas if the state court's application of state law was so arbitrary or capricious as to constitute an independent due process violation that rendered the trial fundamentally unfair. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Lyons v. Brady*, 666 F.3d 51, 55–56 (1st Cir. 2012).

Here, Petitioner alleges that he was denied due process when the Rule 32 court deprived him of an evidentiary hearing on his petition. (Doc. 1 at 16). This argument is based on the state court's denial of a hearing under Ariz. R. Crim. P. 32 and thus concerns a state law issue not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67–68. Habeas is not the remedy for every legal error, nor is it a forum for petitioners to argue alleged errors in the state PCR process. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) ("a petition alleging errors in the state post-conviction review process is not

1   addressable through habeas corpus proceedings"). Further, Petitioner cannot transform his

2   state law claims into federal ones merely by asserting a violation of due process. *See* Rule

3   2(c), Rules Governing § 2254 cases; *Rivera*, 556 U.S. at 158; *Mayle*, 545 U.S. at 646; *see*

4   *also Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (a petitioner's conclusory suggestion

5   that a constitutional right has been violated falls "far short of stating a valid claim of

6   constitutional violation" sufficient to provide a basis for habeas relief). Thus, to the extent

7   that Petitioner alleges a claim based on the state court's denial of an evidentiary hearing

8   during state PCR proceedings, the Court finds that Petitioner has failed to state a cognizable

9   claim for relief.

10   **B.  Unexhausted and Procedurally Defaulted Claims**

11   Petitioner alleges that he was given incorrect legal advice by counsel on posting a

12   bond, causing loss of presentence incarceration credit time. (Doc. 1 at 6–8, 9 n.1). The

13   Court finds that Petitioner failed to properly present this claim to the state courts.

14   Claims for IAC are properly raised in a Rule 32 petition for PCR. Petitioner raised

15   several claims of IAC in his Rule 32 petition alleging that counsel acted deficiently at

16   sentencing by: 1) requesting a mitigated sentence in light of the state's request for an

17   aggravated term; 2) failing to explain the relevance of Petitioner's family situation and the

18   nature of the culture he and his wife had been raised in, particularly in light of the

19   statements made by Petitioner's wife; 3) providing incorrect facts in a sentencing

20   memorandum that counsel later corrected at sentencing; 4) providing a letter from

21   Petitioner's son that was devastating to his position at sentencing; and 5) ineffectively

22   arguing for leniency. (Ex. K).[8] Petitioner also stated, in a footnote, that counsel gave him

23   incorrect legal advice on posting a bond and that he did not receive credit for presentence

24   incarceration time in either his state or federal case. *Id.* at 71 n.1. In denying Rule 32 relief,

25   the trial court did not mention Petitioner's statement regarding counsel's advice on posting

26   bond or the loss of presentence incarceration credit. (Ex. S). In his motion for

27   reconsideration, Petitioner stated that the court did not mention the time credits issue in its

28   ───────────────────

[8] The Court lists these issues as the Arizona COA listed them in its order denying relief on
the petition for review. *See* Ex. W.

ruling, but that the time credits were a specific factual basis to support his allegation of IAC. (Ex. T). In denying Petitioner's motion, the court specifically stated that there were neither factual nor legal grounds presented in the motion for reconsideration that warranted any further consideration of the time credits issue. (Ex. U at 184).

In his petition for review to the Arizona COA, Petitioner stated that he had requested that the Rule 32 court review the presentence time credits issue in both his Rule 32 petition and his motion to reconsider, but the court did not mention the issue in its Rule 32 ruling. (Ex. V at 190). In denying relief, the COA rejected Petitioner's assertion that he had raised a claim below that counsel's ineffectiveness caused Petitioner to lose presentence incarceration credit. (Ex. W at 217). The court found that although Petitioner "identified some relevant facts in his petition for post-conviction relief, that petition cannot reasonably be read as raising a distinct claim of ineffective assistance based on this conduct." *Id.* The court further stated that despite Petitioner mentioning the claim in his motion for reconsideration, Petitioner "did not below and has not on review developed any argument that counsel fell below prevailing professional norms, nor has he identified any appropriate remedy." The COA declined to address the argument further and cited *Stefanovich*, 232 Ariz. 154 at ¶ 16, for the proposition that insufficient argument waives a claim on review.

Exhaustion requires that a petitioner fairly present each claim to the state court in a procedurally appropriate manner. *Baldwin*, 541 U.S. at 29. "[A] petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the *entire direct appellate process* of the state, or (2) throughout one entire judicial post-conviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, § 23.3b (4th ed. 1998)). The COA is not required to address a claim that the petitioner fails to raise. *See* Ariz. R. Crim. P. 32.16(c)(4) ("A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review of that issue."). Accordingly, the claim that sentencing counsel acted ineffectively in posting Petitioner's bond and caused Petitioner to lose presentence incarceration credit is unexhausted because Petitioner failed

to properly present this claim to the state courts in a procedurally appropriate manner. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2004) (To properly exhaust a claim, a petitioner must "give the Arizona courts a 'fair opportunity' to act on his federal [] claim before presenting it to the federal courts."). As explained above, the COA found that the Rule 32 petition could not reasonably read as stating a distinct claim for IAC based on loss of presentence incarceration credit and that Petitioner had waived the claim on review due to insufficient argument. *See Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) ("As a general matter, each 'unrelated alleged instance [] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005))).[9] The COA's finding is further supported by the Rule 32 court's finding that Petitioner failed to allege any colorable claims of deficient performance or actual prejudice to state a prima facie case of IAC. (Exs. S & U).

Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are

---

[9] As this Court has explained:

> Fair presentation requires a petitioner to describe both the operative facts and the federal legal theory to the state courts. It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. . . . A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleadings filed in that court to discover the federal claim.

*Date v. Schriro*, 619 F. Supp. 2d 736, 764–65 (D. Ariz. 2008) (internal citations omitted).

independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings). Here, Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his presentence incarceration credit IAC claim in state court. Accordingly, the claim is both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F. Supp. 2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n.1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup*, 513 U.S. at 321. Both cause and prejudice must be shown to excuse a procedural default, but the Court is not required to examine the existence of prejudice if the petitioner fails to establish cause. *Engle*, 456 U.S. at 134 n.43; *Thomas*, 945 F.2d at 1123 n.10. Here, the Court further finds that Petitioner has failed to show cause for the procedural default of his claim, and the Court can glean none from the record before it. *See Martinez*, 566 U.S. at 10; *Murray*, 477 U.S. at 488. There was no objective factor external to Petitioner's defense that impeded his efforts to comply with the state's procedural rules; Petitioner simply failed to raise the specific claim he now attempts to raise on habeas to the state courts in a timely and procedurally appropriate manner. Petitioner does not allege any interference by officials that made compliance with the state's procedural rules impracticable and has not shown that the factual or legal basis for the claim was not reasonably available. *See Murray*, 477 U.S. at 488–489. Indeed, Petitioner does not argue cause and prejudice at all, but merely asserts that he has properly exhausted his claims.[10] While the standard for cause

---

[10] Nor could Petitioner plausibly argue that the procedural default was the result of ineffective assistance of appellate counsel, as Petitioner is represented by the same counsel

and prejudice is one of discretion and is intended to be flexible, it must yield to exceptional circumstances only. *Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986). Petitioner bears the responsibility for failing to raise his claims in a timely, properly filed state proceeding and properly exhausting those claims to the Arizona COA. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."). Accordingly, because Petitioner has failed to establish cause to excuse the procedural default of his claim, the Court need not examine the merits of Petitioner's defaulted claim or the purported prejudice.[11]

## C. Merits

Petitioner's remaining claims allege ineffective assistance of sentencing counsel. Petitioner alleges that "counsel's unreasonable sentencing tactics resulted in rendering his plea for leniency a nullity and insulted the court and consequently, a presumptive sentence of 5 years or a slightly aggravated sentence of 6 years that may otherwise have been imposed, did not take place." (Doc. 1 at 15). Specifically, Petitioner contends that: 1) counsel promised him a 4-year sentence; 2) competent counsel would have filed an extensive mitigation report detailing the cultural differences between Yemen marital culture and U.S. marital culture; 3) counsel stated incorrect facts in his sentencing memorandum, which counsel apologized for and corrected at the sentencing hearing; 4) counsel inappropriately inserted Petitioner's children into the sentencing process and failed to read a letter submitted by Petitioner's son before filing it with the court; 5) counsel failed to review Petitioner's wife's comments or explain the comments to the court "in such a way as to reflect that aspect of the Islamic culture"; 6) the trial court's statements about the nature of Petitioner's crimes and counsel's appeals for leniency only occurred as a result of counsel's ineffective representation; and 7) in arguing for a sentence of 4 years, counsel stated that Petitioner's conduct was somehow insignificant and "sealed the Petitioner's

---

now as he was during Rule 32 proceedings.

[11] Petitioner does not argue a fundamental miscarriage of justice to excuse the procedural default of his claim.

fate, as evidenced by the disregard and disdain of that argument by the trial court." [12]

Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner arguing IAC must establish that counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014). The court need not consider both factors if the court determines that a defendant has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

To establish deficient performance, Petitioner must show that "counsel made errors so serious . . . that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 687–688. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "The likelihood of a different result must be substantial, not just conceivable." *Richter,* 562 U.S. at 112.

---

[12] The Court notes that, despite Petitioner's representation by counsel in the present matter, Petitioner's pleadings are not a model of clarity in specifying what specific acts or omissions by sentencing counsel Petitioner is asserting as individual claims of IAC on habeas.

Additionally, under the AEDPA, the federal court's review of the state court's decision on an IAC claim is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 698–699 (2002). This creates a "doubly deferential" review standard in which a habeas petitioner must show not only that there was a violation of *Strickland*, but also that the state court's resolution of the claim was more than wrong, it was an objectively unreasonable application of *Strickland*. *See Yarborough v. Gentry*, 540 U.S. 1, 6 (2003); *Bell*, 535 U.S. at 698–99; *Woodford*, 537 U.S. at 25; *Cullen v. Pinholster*, 563 U.S. 170, 171 (2011) (federal habeas court's review of state court's decision on IAC claim is "doubly deferential"). Thus, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 105. In making this determination, "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Here, the Court finds that Petitioner has failed to meet his burden. The state court's finding that Petitioner's claim that sentencing counsel acted ineffectively was without merit is supported by the record before this Court and was not an unreasonable application of *Strickland*.[13]

When reviewing a claim of IAC, this Court "begin[s] with the premise that under the circumstances, the challenged action [] might be considered sound trial strategy . . . [and w]e affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Elmore v. Sinclair*, 799 F.3d 1238, 1248–49 (9th Cir. 2015) (second and fifth alterations in original) (internal quotations and citations omitted). "As long as defense counsel uses a sound trial strategy, employing that strategy does not

---

[13] "AEDPA directs federal courts to train their attention on the particular reasons why each state court that considered a prisoner's claims denied relief. When more than one state court has adjudicated a claim, the federal court analyzes the last 'reasoned' state court decision." *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (quoting *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005)). However, where "the last reasoned decision adopted or substantially incorporated the reasoning from a previous decision . . . it [is] reasonable for the reviewing court to look at both decisions to fully ascertain the reasoning of the last decision." *Barker*, 423 F.3d at 1093; *see also Robinson*, 360 F.3d at 1055 (in evaluating state court decisions, the federal habeas court looks through summary opinions to the last reasoned decision).

constitute deficient performance." *Id.* at 1250 (internal quotations and citation omitted). Here, Petitioner's argument on habeas reiterates what he argued below: that had sentencing counsel argued differently, Petitioner might have received a mitigated term of 5- or 6-years imprisonment rather than the 10 years that the court imposed. Petitioner does not claim that his plea was unlawfully induced, or that had counsel advised him differently, he would have forgone the plea and taken his case to trial. Rather, he simply claims that counsel should have done more, and done better, to secure a lesser sentence. That Petitioner disagrees with counsel's decisions on how to present mitigating evidence at sentencing does not make the decisions wrong. "Under *Strickland*, counsel's representation must be only objectively reasonable, not flawless or to the highest degree of skill[,]" *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000), and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Strickland*, 466 U.S. at 689; *see also Ortiz*, 149 F.3d at 932 ("Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." (citation omitted)). As the Rule 32 court noted, "while some defense attorneys may have kept a defendant's family out of the equation entirely in a domestic violence case, others may have attempted the same mitigation strategy." (Ex. S at 175). This Court is not a forum to relitigate state trials, *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983), and the Court will not engage in speculation as to what result a different sentencing strategy may have produced. *See Hyde v. Shine*, 199 U.S. 62, 84 (1905) ("it is well settled that upon *habeas corpus* the court will not weigh the evidence").

Further, regardless of whether sentencing counsel acted deficiently, Petitioner has failed to establish prejudice. Indeed, in rejecting Petitioner's IAC claims, the Rule 32 court specifically stated that at sentencing, it found that the mitigation submitted by counsel "was outweighed by the substantial physical harm to the victim, the emotional harm to the victims, the multiple victims and the fact that the defendant was serving a federal sentence at the time of his crimes." (Doc. S at 173). Even if the court was incorrect in its statement

that Petitioner was serving a federal sentence at the time of his state crimes, it is pure speculation to presume that this factor would have changed the court's sentencing decision. Further, the trial court had reviewed the full range of sentencing with Petitioner and advised him that "he could easily receive maximum, stacked sentences on both counts." *Id.* at 173.[14] Significantly, the Rule 32 court also stated that even if it agreed that counsel performed deficiently, the court's sentencing decision was based on Petitioner's conduct and admissions at the time of the offense. *Id.* at 175. The COA reiterated this reasoning when it stated that on review, Petitioner "critically" failed to "address the trial court's conclusion that it would have imposed the same prison term even had counsel performed as [Petitioner] believes he should have." (Ex. W at 217). As the COA further noted, Petitioner did not contend that the sentence imposed was outside the court's discretion.

Moreover, while Petitioner urges this Court to find error in sentencing counsel's decisions, he fails to show that the state court's determination of his IAC claim was objectively unreasonable. As noted above, the Rule 32 court rejected Petitioner's IAC claims by explaining that its sentencing decision was based on the physical and emotional harm to the victims, the multiple victims, and Petitioner's conduct and admissions at the time of the offense. This finding is supported by the court's statements at sentencing:

> I've been a judge for a very long time, Mr. Alghaithi. And there aren't a whole lot of things that still make my toes curl. But I've heard a couple of things this morning that already have.
>
> One is that your wife, one of the victims in this case, is gratified that you've forgiven her. Wow. I mean the record needs to reflect that not only did you ram the car in which she was riding

---

[14] This is reflected in the transcript from the change of plea hearing, wherein the court explained Petitioner's sentencing exposure and emphasized that while it acknowledged the State's recommendation that Count Three would be strictly a probation tail, the court accepted that as recommendation only and the court had discretion whether to sentence Petitioner to imprisonment on Count Three. *See* Ex. G at 26–29. Petitioner confirmed that he understood the plea agreement and the court's sentencing options. *Id.* at 27–30; *see also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing [regarding his understanding of the plea agreement] carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (Statements made at a plea hearing "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to defendant's in-court statements).

with your young son in your car but then you did beat her with
your hands. You broke her teeth. You fractured her hip, femur
and jaw. She had to have because of the mandibular fracture
surgery and her mouth had to be wired shut in order for the
fracture to heal. And she's glad that you have forgiven her.

Not only have you victimized her as a result of what you did to
her on July 19th, but you are victimizing her again because
she's a prisoner to you. She doesn't speak English. She doesn't
have the means to support herself and your four children, who
look like lovely, wonderful young people. But there's no good
outcome here today. I'm being asked to let you have a
minimum sentence with leniency so you can go back to her.

This is probably one of the worse decisions I ever had to make.

. . .

Despite the mitigation urged by your attorney the Court simply
finds that the physical harm to the victim, the emotional harm
to the victims, the multiple victims, the fact that you were
serving a federal sentence at this time shows aggravation that
outweighs any mitigation that has been provided to the Court.

(Ex. I at 57–58). Furthermore, the Rule 32 court specifically found that the record showed

counsel put substantial effort into preparing mitigation evidence for the court's

consideration, and "[t]hat the Court was not persuaded by that mitigation cannot be used

after the fact as de facto proof of [IAC]." (Ex. S at 175).[15, 16] "The proper measure of

attorney performance remains simply reasonableness under prevailing professional

norms." *Strickland*, 466 U.S. at 688. As the Ninth Circuit has artfully explained: "The test

has nothing to do with what the best lawyers would have done. Nor is the test even what

most good lawyers would have done. We ask only whether some reasonable lawyer at the

trial could have acted, in the circumstances, as defense counsel acted at trial." *Coleman v.

Calderon*, 150 F.3d 1105, 1113 (9th Cir.), *rev'd on other grounds*, 525 U.S. 141 (1998).

---

[15] The record reflects that sentencing counsel submitted a sentencing memorandum, a
psychological report from Dr. Morenz, eight letters written on Petitioner's behalf, and
photographs of Petitioner's family. (Ex. I at 45); *see also* Doc. 1 Ex. 7 (copy of Dr.
Morenz's report describing that Petitioner was remorseful for his actions and that Petitioner
has no history of legal, substance abuse, or violence problems, and recommending that
Petitioner and his wife attend marital counseling with a provider familiar with Islamic
culture and traditions).
[16] The COA likewise rejected Petitioner's claims in finding that Petitioner failed to show
that the Rule 32 court abused its discretion in denying his Rule 32 petition and motion for
reconsideration.

In sum, Petitioner alleges that sentencing counsel should have done a number of things differently and that had counsel performed as Petitioner complains that he should have, Petitioner might have received a mitigated sentence. However, Petitioner has not shown that the state court's rejection of his IAC claims was contrary to clearly established federal law, was based on an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts, and thus Petitioner is not entitled to federal habeas relief. Accordingly, the state court's finding that Petitioner's IAC claims were without merit is supported by the record before this Court and was not an objectively unreasonable application of *Strickland*. The Court will deny relief and dismiss the Petition.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable. Further, to the extent Petitioner's claims are rejected on the merits, reasonable jurists would not find the Court's assessment of the constitutional claims to be debatable or wrong.

Dated this 23rd day of March, 2022.

_____
Eric J. Markovich
United States Magistrate Judge